**SOLAREX CORPORATION and RCA Corporation, Plaintiff,**

v.

**ARCO SOLAR, INC., Defendant–Appellant,**

. v.

**The AMERICAN PHYSICAL SOCIETY, Appellee.**

No. 88–1542.

United States Court of Appeals, Federal Circuit.

March 15, 1989.

Jai Ho Rho, of Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst, Los Angeles, Cal., argued for defendant-appellant. With him on the brief was Harold E. Wurst, of Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst, Los Angeles, Cal.

Richard A. Meserve, of Covington & Burling, Washington, D.C., argued for appellee. With him on the brief was Bruce N. Kuhlik, of Covington & Burling, Washington, D.C.

Before RICH, NIES and BISSELL, Circuit Judges.

NIES, Circuit Judge.

Arco Solar, Inc. seeks reversal of an order of the United States District Court for the Eastern District of New York, *In re American Physical Society*, No. 87 Misc. 223 (E.D.N.Y. June 22, 1988) (Sifton, J.), denying Arco's motion to compel discovery in a patent suit which asserted infringement of, *inter alia*, United States Patent No. 4,064,521 ('521). RCA Corporation and Solarex Corporation brought that suit against Arco in Delaware, *Solarex Corp. v. Arco Solar, Inc.*, No. 87–237 MMS (D.Del. filed Apr. 29, 1987). In this ancillary proceeding, Arco sought disclosure from a nonparty to the suit, the American Physical Society (APS), of information which APS deems confidential. The decision of the magistrate refusing to compel APS's disclosure of the information, which was affirmed by the district court, is reported under the name *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163 (E.D.N.Y.1988). We affirm.

## I

■ Discovery orders made by a court in which a case is pending are not appealable as of right, being merely interlocutory, until the entry of final judgment in a suit. When a party pursues discovery outside the jurisdiction in which the suit is pending, however, the jurisdiction of the local district court may be invoked to rule on discovery issues in an ancillary proceeding. An order terminating that type of proceeding is final and thus gives a right of appeal. *See, e.g., Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.,* 813 F.2d 1207, 1209, 2 USPQ2d 1034, 1036 (Fed.Cir.1987) (citing *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1020–22, 228 USPQ 926, 928–29 (Fed.Cir.1986)); *In re Surety Ass'n,* 388 F.2d 412, 414 (2d Cir.1967) (citing *Republic Gear Co. v. Borg–Warner Corp.,* 381 F.2d 551, 554 (2d Cir.1967)); 4 J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice* ¶ 26.83[5] at 26–538 (1988); 8 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2006 at 30 (1970).

This court, rather than a regional circuit, has jurisdiction over Arco's appeal because the underlying litigation is a patent suit under 28 U.S.C. § 1338(a) (1982). *See* 28 U.S.C. § 1295(a) (1982). We review questions relating solely to procedural matters not unique to patent law in accordance with the law of the regional circuit where the appeal would normally lie, here, the Second Circuit, to the extent such precedent is discernible and distinctive. *See, e.g., Truswal Sys.,* 813 F.2d at 1209, 2 USPQ2d at 1036; *Heat & Control,* 785 F.2d at 1022 n. 4, 228 USPQ at 929–30 n. 4. The standard of review in that circuit of a discovery ruling is whether Arco has made a "clear showing of abuse of discretion." *Robertson v. National Basketball Ass'n,* 622 F.2d 34, 35–36 (2d Cir.1980); *see also Baker v. F & F Inv.,* 470 F.2d 778, 781 (2d Cir.1972), *cert. denied,* 411 U.S. 966, 93 S.Ct. 2147, 36 L.Ed.2d 686 (1973). An abuse of discretion occurs when a ruling is based upon clearly erroneous findings of fact or an erroneous ruling on the law, or evidences a clear error of judgment. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *Wong Wing Hang v. I.N.S.,* 360 F.2d 715, 719 (2d Cir.1966).

## II

■ The facts are set out fully in the reported decision and will be only briefly summarized here.

APS publishes a scholarly journal, *Physical Review Letters.* In May of 1975, a manuscript was submitted for publication in that journal. Pursuant to customary practice, the journal's editor forwarded it to two independent referees, selected from a list of about 14,000 physicists in the international community, with a request that they comment critically on the manuscript and express their opinion on the interest it would hold for readers. The journal's distribution of such submitted manuscripts is limited to the reviewing referees. Referees undertake this review with the understanding that their identities will remain confidential, although the author might receive their comments. In this instance, one referee reviewed the article favorably and urged publication; the other suggested that the subject matter of the manuscript was already reported in extant literature and recommended against publication. There is no indication that the manuscript was given to any others by the referees or APS. The journal's editor decided not to publish the manuscript.

The favorable referee has voluntarily disclosed both his comments and his identity to the author and to Arco. Although APS has given its entire file to Arco, including the critical referee's comments, APS refused to reveal the referee's identity, asserting a need to maintain confidentiality in order to receive candid, meaningful critiques by referees.[1]

---

1. Before the magistrate, APS also proposed the adoption of a new or expanded qualified privilege, which would constitute a valid objection to compliance with a subpoena *duces tecum,* covering the journal's peer review process. The magistrate considered APS's proposal in detail, but declined to resolve the dispute it raised in view of her analysis under Fed.R.Civ.P. 26(c). This court similarly makes no ruling on this issue.

Arco argues that it needs the referee's identity so that it can depose the individual to discover whether the referee disseminated the manuscript. Such information, per Arco, may establish that the manuscript is prior art and help to establish Arco's defenses of invalidity. Also, per Arco, if the referee gave the manuscript to the inventor, the '521 patent may be unenforceable by reason of inequitable conduct because the inventor did not disclose the manuscript to the United States Patent and Trademark Office.[2]

### III

Having reviewed the magistrate's thorough and scholarly opinion underlying the district court order and all of the arguments of Arco for reversal, we are unpersuaded that the district court abused its discretion in denying Arco's motion pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The magistrate identified the competing interests and found APS's need for confidentiality persuasively established and Arco's position merely speculative. Balancing those interests, as well as the societal interests at stake, the magistrate concluded that Arco was not entitled to disclosure of the referee's name. Because of our conclusion that the magistrate's analysis of Second Circuit law and of the evidence here is entirely correct, we see no need to reiterate what has already been so well stated in the magistrate's opinion. Accordingly, we adopt that opinion as the opinion of this court.

AFFIRMED.

---

**2.** The issue of inequitable conduct is equitable, not legal, in nature. *Kingsdown Medical Consultants, Ltd. v. Hollister Inc.,* 863 F.2d 867, 876, 9 USPQ2d 1384, 1392 (Fed.Cir.1988). To that extent we correct the magistrate's opinion.