**MICRO MOTION INCORPORATED, Plaintiff–Appellee,**

v.

**EXAC CORPORATION, Defendant,**

v.

**NEPTUNE MEASUREMENT COMPANY, Appellant.**

**No. 88–1643.**

United States Court of Appeals, Federal Circuit.

June 1, 1989.

---

Jesse J. Jenner, Fish & Neave, New York City, argued, for plaintiff-appellee. With him on the brief, were David J. Lee, Christa Hildebrand and John O. Tramontine.

Seymour Rothstein, Daniel A. Boehnen and Robert H. Resis, Allegretti & Witcoff, Ltd., Chicago, Ill., were on the brief, for defendant.

Ivan S. Kavrukov, Cooper & Dunham, New York City, argued, for appellant. With him on the brief, was Dale Gaudier, Neptune Intern. Corp., Atlanta, Ga., of counsel. Jules P. Kirsch, Cooper & Dunham, New York City, of counsel.

Before NIES and ARCHER, Circuit Judges, and NICHOLS, Senior Circuit Judge.

## ORDER

NIES, Circuit Judge.

For reasons more fully explicated in the decision in the related proceeding captioned *Micro Motion Incorporated v. Exac Corporation v. Smith Meter, Incorporated,* 826 F.2d 1574, issued concurrently, Neptune Measurement Company is ordered to show cause why this appeal should not be dismissed for lack of jurisdiction.

Neptune is another competitor of Micro Motion in the Coriolis mass flowmeter market. Neptune also has been subpoenaed to disclose its confidential business information and trade secrets in connection with Micro Motion's patent infringement suit against Exac in the Northern District of California. Neptune, like Smith Meter, asserts that it has not been charged with infringement and is unrelated to either party. Neptune moved the district court for the district of South Carolina to quash the subpoena or for a protective order prohibiting discovery of its trade secret and other confidential and privileged information on the ground that no relevance or need was established. Micro Motion responded with arguments that, whether or not Neptune infringed its patents, it was entitled to the information from Neptune in connection with proving recoverable damages against Exac. According to Micro Motion:

> In the damages phase of the main action, Micro Motion intends to prove that it is entitled to its lost profits on all Exac infringing sales of Coriolis mass flowmeters. Accordingly, Micro Motion will have to prove that the Coriolis mass flowmeter that Neptune has been marketing was not an alternative to Exac's meter, or was not an acceptable alternative, or was an acceptable alternative but an infringement of the Micro Motion patent.

Micro Motion asserted that this court, in *Truswal Systems Corp. v. Hydro–Air Engineering, Inc.,* 813 F.2d 1207, 2 USPQ2d 1034, (Fed.Cir.1987), approved the disclosure of the type of information it sought, subject to an appropriate protective order. Micro Motion proposed that Neptune's confidential information be made subject to the protective order which had been entered by the California court in the main action.

Without opinion or explanation, the district court promptly signed an order proposed by Micro Motion specifically denying Neptune's motion to quash and ordering the discovery to proceed expeditiously subject to the outstanding protective order in the main litigation. Neptune asserts that the order was entered without an opportunity for Neptune to reply and without a hearing. Neptune appealed, seeking protection from abusive discovery.

Like the *Smith Meter* appeal, this appeal raises the important and novel question of the scope of permissible discovery, if any, against a non-party in connection with the damages phase of patent litigation between its competitors. In addition, these proceedings raise the question of whether the district court wholly abdicated its responsibility to balance the interests of the parties as mandated by Fed.R.Civ.P. 26(b)(1). Neptune also raises the legal question of its entitlement to a protective order under which it has rights as a party.

As in *Smith Meter*, we hold that appealability has not been shown based on the precedent cited by Neptune, namely *Solarex Corp. v. Arco Solar Inc.*, 870 F.2d 642, 10 USPQ2d 1247 (Fed.Cir.1989); *Truswal Sys. Corp. v. Hydro–Air Eng'g Inc.*, 813 F.2d 1207, 2 USPQ2d 1034, (Fed.Cir.1987); *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 228 USPQ 926 (Fed.Cir.1986). In those appeals, the motion to quash was granted, not denied. Absent a showing of finality in the district court's ruling, or grounds for mandamus, or certification of a legal question by the district court under 28 U.S.C. § 1292(b) (1982 & Supp. V 1987) the issues raised by Neptune cannot be decided at this stage of the proceedings.

Accordingly, IT IS ORDERED THAT:

(1) On or before June 21, 1989, Neptune shall show cause why Appeal No. 88–1643 should not be dismissed for lack of jurisdiction.

(2) Any response in support of, or in opposition to Neptune's submission, by Micro Motion or Exac, shall be filed within ten days thereafter.