HAWORTH, INC., Plaintiff–Appellee,

v.

HERMAN MILLER, INC.,
Defendant–Appellant,

and

CARUTHERS–WALLACE–COURTENAY,
INC. d/b/a CWC Office Outfitters,
Defendant,

v.

ALLSTEEL INC., Subpoenaed
Nonparty–Appellee.

No. 92–1569.

United States Court of Appeals,
Federal Circuit.

July 13, 1993.

Roy E. Hofer, William Brinks Olds Hofer Gilson & Lione, of Chicago, IL, argued for defendant-appellant. With him on the brief were David A. Anderson, Joel W. Benson, Allan J. Sternstein, Glen P. Belvis, Richard A. Cederoth and Michael E. Milz. Of counsel was William H. Frankel.

William K. West, Jr., Cushman, Darby & Cushman, of Washington, DC, argued for plaintiff-appellee, Haworth, Inc. With him on the brief were Nancy J. Linck and Barry P. Golob. Michael J. Philippi, Coffield, Ungaretti & Harris, of Chicago, IL, argued for subpoenaed nonparty-appellee.

Before NIES, Chief Judge, RICH and MICHEL, Circuit Judges.

NIES, Chief Judge.

Herman Miller, Inc., appeals an order of the United States District Court for the Northern District of Illinois (Docket No. 92 C 4870) in an ancillary proceeding to obtain discovery from Allsteel, a nonparty, in connection with *Haworth, Inc. v. Herman Miller, Inc., et al.* (No. CV–68JOF filed in the United States District Court for the Northern District of Georgia, transferred on De-

cember 14, 1992, to the United States District Court for the Western District of Michigan (Docket No. 1:92–CV–877)). Herman Miller subpoenaed (pursuant to Fed.R.Civ.P. 45) and Allsteel refused to produce documents relating to the settlement of *Haworth, Inc. v. Allsteel, Inc. and R.P. Hammett & Associates* (Civil Action No. 90–2237, in the United States District Court for the Eastern District of Pennsylvania). The Illinois court denied Herman Miller's motion to compel production of these documents. We affirm.

## I.

At oral argument, Herman Miller's counsel promised that he would "leave no stone unturned" in his zealous defense against Haworth's claim that Herman Miller has infringed United States Patents Nos. 4,370,008 and Re. 31,733, relating to electrified wall panel systems. Indeed, rather than limiting its discovery quest to its party opponent in the main action, Herman Miller first aggressively pursued discovery in every forum *except* that of the actual suit for infringement. A review of Herman Miller's discovery odyssey shows that it has clearly exceeded the bounds afforded civil litigants by the discovery rules.

Haworth has sued a number of parties for infringement of the patents asserted against Herman Miller. The first such suit was filed in 1985 against Steelcase, Inc., in the United States District Court for the Western District of Michigan. *See Haworth, Inc. v. Steelcase, Inc.*, 685 F.Supp. 1422 (W.D.Mich. 1988) (holding the Haworth patents not invalid and enforceable, and not infringed), *aff'd in part, rev'd in part*, 867 F.2d 615 (Fed.Cir.) (nonprecedential opinion) (affirming judgment of enforceability, reversing judgment of noninfringement), *cert. denied*, 490 U.S. 1067, 109 S.Ct. 2067, 104 L.Ed.2d 632 (1987). In 1989, Haworth negotiated, without filing suit for alleged infringement, a settlement with the Westinghouse Electric Corporation resolving all issues as to Westinghouse's liability for infringement of the Haworth patents.

In March of 1990, Haworth sued Allsteel in the United States District Court for the Eastern District of Pennsylvania, which suit was terminated on February 11, 1991, by a stipulated dismissal with prejudice entered following settlement by the parties. The main action to which this proceeding is ancillary was brought against Herman Miller in January of 1992 in the United States District Court for the Northern District of Georgia and was transferred to the United States District Court for the Western District of Michigan on December 14, 1992.

Herman Miller has sought with mixed success to chart and plumb the depths of the Allsteel and Westinghouse settlements, as well as the ongoing *Steelcase* litigation. A subpoena to produce settlement documents in the Western District of Michigan was not opposed by Westinghouse, and that district court enforced the subpoena over Haworth's objection. After the *Steelcase* matter was submitted for alternative dispute resolution and settlement by the same court following Haworth's favorable appeal of liability issues,[1] Herman Miller moved to intervene in that case for purposes of discovery, pursuant to Fed.R.Civ.P. 24(b). *See Haworth, Inc. v. Steelcase, Inc.*, 25 USPQ2d 1036, 1992 WL 457284 (W.D.Mich.1992). Concluding that alternative dispute resolution was a private matter and that Herman Miller's intrusion would inhibit "the give and take essential for compromising disputes," the court denied it intervention. *Id.* at 1043.

Herman Miller also sought documents pertaining to the Haworth/Allsteel settlement. On April 2, 1992, Herman Miller served upon Allsteel a subpoena duces tecum of the United States District Court for the Northern District of Illinois, demanding production of, *inter alia,*

1. all documents setting out Haworth's positions with respect to any Allsteel electrified wall panel;

2. all correspondence between the parties or opposing counsels.[2]

sioner of the United States Court of Claims, presided over the settlement negotiations.

---

**1.** By consent of the court and parties, Haworth and Steelcase entered into a special alternative dispute resolution agreement to settle the issues presented. James F. Davis, formerly a commis-

**2.** This subpoena also called for production of all deposition transcripts and exhibits, all prior art

Allsteel produced several thousand pages of documents in response to this subpoena, but it refused to produce its settlement agreement with Haworth because it believed such production would violate a duty of confidentiality imposed upon it by that agreement. At some date that is not of record here, Herman Miller requested production of the Haworth/Allsteel settlement from its adversary Haworth in the Northern District of Georgia.

Herman Miller moved first to compel production from the nonparty Allsteel. On September 9, 1992, the Illinois district court denied this motion, holding that:

> If [Herman] Miller is seeking the settlement agreement, surely the same settlement agreement should be produced whether by Allsteel or Haworth. Moreover, any objections to the discoverability of such documents could then be ruled upon in the Northern District of Georgia, by the judge who is presiding over the underlying case. We find that the notions of judicial economy and efficiency require us to deny the motion to compel Allsteel to produce the settlement documents. Miller should first attempt to obtain the desired documents from the opposing party, Haworth, in the court which is presiding over the underlying case, the Northern District of Georgia.

Apparently following the Illinois judge's suggestion Herman Miller moved three months later (while this appeal was pending) for production by Haworth of the settlement documents requested of Allsteel.

## II.

■ When a party pursues discovery outside the jurisdiction in which its suit is pending, the jurisdiction of the local district court may be invoked to rule on discovery issues in an ancillary proceeding. *Solarex Corp. v. Arco Solar, Inc.*, 870 F.2d 642, 643 (Fed.Cir.1989). An order terminating that type of proceeding is final and thus gives a right of appeal. *Id.* (denial of motion to compel); *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1020–22, 228 USPQ 926, 928–29 (Fed.Cir.1986) (grant of motion

regarding the Haworth patents, and all docu-

to quash subpoena duces tecum). To the extent that such rulings present procedural matters not unique to patent law, they are reviewed under the law of the regional circuit, when such precedent is discernible and distinctive. *Solarex*, 870 F.2d at 643; *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 739, 3 USPQ2d 1817, 1819 (Fed.Cir. 1987).

We examined in *American Standard* the standard under which such orders are reviewed in the Seventh Circuit, the jurisdiction from which this appeal originates:

> The Seventh Circuit reviews [orders refusing to compel discovery] under an abuse-of-discretion standard. *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 563 (7th Cir.1984). Under that standard, "the relevant inquiry is not how the reviewing judges would have ruled if they had been considering the case in the first place, but rather, whether *any* reasonable person could agree with the district court." *Id.* at 563. Under the Seventh Circuit standard, an abuse of discretion occurs when one or more of these circumstances obtains: (1) the record contains no evidence on which the court could rationally have based its decision; *id.* at 564; *Sue v. Chicago Transit Auth.*, 279 F.2d 416, 419 (7th Cir.1960); (2) the decision is based on an erroneous conclusion of law; *Deitchman*, 740 F.2d at 563; (3) the decision is based on clearly erroneous factual findings; *id.* at 564; (4) the decision clearly appears arbitrary; *Sue*, 279 F.2d at 419.

828 F.2d at 739, 3 USPQ2d at 1819.

Herman Miller raises several alleged abuses of discretion in the district court's denial of its motion to compel, none of which we find persuasive. Specifically, Herman Miller argues that:

1) the district court's finding that it had not sought production of the settlement documents from Haworth was clearly erroneous;

2) the district court could not properly require Herman Miller to seek discovery of these documents from its opponent

ments relating to a defense of Allsteel.

Haworth before requesting their production by a third party; and

3) the district court denied it access to discoverable material, because the scope of its subpoena would include settlement documents in Allsteel's sole possession that could not be obtained from Haworth.

*There is no Clear Error in the District Courts Findings*

Herman Miller's assertion that contrary to the district court's findings it had in fact sought production of settlement documents from Haworth is a semantic quibble, not a demonstration of clear error. At the time it moved to compel production from Allsteel, Herman Miller had merely served Haworth with a production request under Fed.R.Civ.P. 34. It did not move for the Georgia district court to compel production of these documents until several months after the Illinois district court issued the order appealed here. Thus, at the time that Herman Miller invoked the coercive authority of the Illinois district court to compel production from Allsteel, it had not invoked similar authority to compel production from its opponent Haworth.

*The District Court Could Properly Defer Discovery from the Nonparty Allsteel*

Herman Miller contends that it would be "fundamentally wrong to allow the district court to avoid" its responsibility of enforcing the subpoena "by deferring to the Georgia court." Per Herman Miller, it was entitled to discovery of the settlement documents and Allsteel's nonparty status does not defeat or defer its right to discover what it is entitled to discover under the rules of civil procedure. We do not agree. Fed.R.Civ.P. 26(b), relating to the general scope and limits of discovery, expressly acknowledges that a court may limit discovery if it determines that the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive." Thus, this court has noted that the need for discovery in an ancillary proceeding "is diminished when the information is available elsewhere." *American Standard,* 828 F.2d at 743, 3 USPQ2d at 1823. Consistent with this authority, the district court could properly require Herman Miller to seek discovery from its party opponent before burdening the nonparty Allsteel with this ancillary proceeding. That is all that the district court has done here. It has not forbidden Herman Miller from obtaining the settlement documents from Allsteel; it has merely required that Herman Miller first seek them from Haworth.

Herman Miller argues that because there is "no evidence that Haworth's and Allsteel's files on [the settlement agreement] are the same," it is entitled to production of Allsteel's files without regard to its diligence in seeking production from Haworth. When pressed at argument for an example of potential evidence which might appear only in Allsteel's files, Herman Miller's attorney spun a convoluted scenario hypothesizing the existence of an Allsteel product that the parties agreed did not infringe and, therefore, did not include within the royalty base specified in the settlement, which product was the subject of statements and admissions by Haworth regarding the scope of its patents, which statements and admissions were memorialized in writing by Allsteel. This example, in theory the best that Herman Miller has to offer, reveals the vast expanse of Herman Miller's fishing net. Apparently, it seeks impeachment evidence for non-existent testimony, which it had not even attempted to obtain. *See Micro Motion, Inc. v. Kane Steel Co., Inc.,* 894 F.2d 1318, 1327, 13 USPQ2d 1696, 1703 (Fed.Cir.1990). Under these circumstances, we find no abuse of discretion in the district court's denial of discovery of Allsteel's confidential negotiation files. Like the party that sought discovery in *Micro Motion,* Herman Miller has engaged in overzealous discovery.

**III.**

For the foregoing reasons, the district court did not abuse its discretion in denying Herman Miller's motion to compel production of documents from a nonparty. Accordingly we affirm its order denying discovery.

**COSTS**

Costs are awarded to Allsteel.

*AFFIRMED.*