**William T. DIVANE, Jr., et al.,**
**Plaintiffs–Appellees,**

v.

**KRULL ELECTRIC CO.,**
**INC., Defendant,**

**and**

**Lee Electric Co., Respondent–**
**Appellant.**

**No. 98–2095.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 8, 1999.

Decided Oct. 20, 1999.

David R. Shannon (argued), Tenney & Bentley, Chicago, IL, for Plaintiffs–Appellees.

John J. Curry, Jr. (argued), Foran, Nasharr & O'Toole, Chicago, IL, for Respondent–Appellant.

Before POSNER, Chief Judge, and BAUER and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Pursuant to a fraudulent conveyance action, Lee Electric Co. was served with a motion for turnover of its assets, which it met with a motion to quash. The district court's grant of the motion for turnover and denial of the motion to quash are the bases for this appeal, which continues a sad history of "piecemeal litigation" that Judge Lindberg called "an embarrassment of the judicial system." On appeal, Lee Electric Co. claims that it was denied due process by the district court's failure to allow it to supplement its motion to quash with further motions and appeals the district court's grant of appellee's motion to turnover. We affirm the decisions of the district court.

## I. HISTORY

In 1995, plaintiffs-appellees William T. Divane, Jr., et al., known collectively as the Electrical Insurance Trustees ("Trustees"), filed a complaint against defendant Krull Electric Co. claiming that Krull Electric owed Trustees delinquent benefit fund contributions pursuant to the terms of a collective bargaining agreement. Krull Electric denied liability, claiming that it had no payment obligation, and filed a counterclaim alleging that the demand for payment constituted a violation of Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186 (1995). A bench trial commenced on November 13, 1997, and on December 23, 1997, the court entered a judgment in favor of Trustees in the amount of $54,-001.07. Later, the court awarded Trustees an additional $37,654 in attorneys' fees and $2,526.07 in costs.

Krull Electric was an Illinois corporation that was wholly owned by a single shareholder, Pamela Lee. She also wholly owned Lee Electric and served as president of both corporations. At some point between 1994 and 1997, Krull Electric transferred much of its assets to Lee Electric. Lee Electric claims that this transfer was made for consideration because Krull Electric

assumed jobs that Lee Electric started and because the two swapped job material. Trustees claim that these transfers were not made for consideration and constitute a fraudulent conveyance.

Following these conveyances, Krull Electric lacked sufficient assets to cover the judgment against it, so to satisfy the judgment against Krull Electric, Trustees filed a motion to discover assets of Lee Electric and, later, a motion for turnover of Lee Electric's assets on the fraudulent transfer theory. The motion for turnover was served on Lee Electric on March 24, 1998. Lee Electric responded the next day to the motion for turnover with a motion to quash, alleging that service of the motion by Trustees' attorney was improper as a matter of law. The motion to quash did not raise any other defenses or objections to the motion for turnover.

At the motion hearing held Friday, March 27, 1998, Judge Lindberg heard arguments from both parties. Trustees presented Lee Electric and the court with relevant authority which suggested that Lee Electric's legal position in the motion to quash was meritless. Lee Electric promised to withdraw the motion if, during the course of its research, it determined that its argument was without merit. Lee Electric raised no further defenses or objections to the motion at the hearing. After discussing with both parties the question of service, the judge told the parties that he would read their briefs and provide "either a ruling date or a ruling." On Monday, March 30, 1998, the court entered an order granting Trustees' motion for turnover and denying Lee Electric's motion to quash. On April 9, 1998, Lee Electric filed a Federal Rule of Civil Procedure 59(e) motion to vacate the order of March 30. On April 16, 1998, the court denied Lee Electric's Rule 59(e) motion to vacate on the grounds that its motions constituted "piecemeal litigation."

## II. ANALYSIS

Lee Electric argues that, by entering the March 30, 1998, order without

allowing an opportunity substantively to rebut the motion for turnover, the district court denied it due process of law. We review such district court proceedings for abuse of discretion. *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996). We will not find that a district court has abused its discretion unless one or more of the following circumstances exists: "(1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary." *Id.* (citing *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977 (Fed.Cir.1993)). Lee Electric also argues the district court erred in granting the motion for turnover on the motion's merits. We review the district court's orders in post-judgment proceedings for abuse of discretion. *See Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226–27 (7th Cir.1993). To the extent that we determine Lee Electric has waived these substantive arguments by failure to raise them prior to the Rule 59(e) motion, we will determine these issues only by ruling on the propriety of the denial of Lee Electric's Rule 59(e) motion. We also review a district court's ruling on a Rule 59(e) motion for abuse of discretion. *See Popovits v. Circuit City Stores*, 185 F.3d 726, 730 (7th Cir.1999); *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996). A Rule 59(e) motion should be granted if there exists "a manifest error of law or fact," so as to enable "the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996).

### A. Denial of Due Process

■ Lee Electric contends that it was denied due process by the district court's failure to provide it with a full and fair opportunity to respond to the motion for turnover. A court cannot enter a summary judgment without notifying the parties of its intentions or allowing them an opportunity to cure or respond. *See Simpson v. Merchants Recovery Bureau*, 171 F.3d 546, 549 (7th Cir.1999); *English v. Cowell*, 10 F.3d 434, 437 (7th Cir.1993). Since "[t]he opportunity to respond is deeply embedded in our concept of fair play and substantial justice," making such a ruling *sua sponte* without notice or an opportunity to respond violates the due process rights of the adverse party. *Id.* at 437. However, mere failure to respond does not constitute a lack of opportunity, since "[a]n opportunity squandered does not make out a due process claim." *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 310 (7th Cir.1981). To determine whether the opportunity to respond has been withheld or merely squandered, we review the record to determine whether a party has had a full and fair opportunity to address the issues involved in the contested motion. *See Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982).

■ A careful review of the record plainly demonstrates to us that Lee Electric had multiple opportunities to address the merits of the motion for turnover. One day after it received the motion for turnover, Lee Electric filed a motion to quash on the grounds of improper service of process. While the Federal Rules of Civil Procedure do not strictly apply to post-judgment proceedings, *see Ruggiero*, 994 F.2d at 1226, the purposes of post-judgment proceedings, to be "swift, cheap, informal," are frustrated by piecemeal litigation. *Id.* Under Rule 12(g) of the Federal Rules, Lee Electric would have been required to append all Rule 12 defenses and objections that it then had available to the motion to quash. *See O'Brien v. R.J. O'Brien and Assoc.*, 998 F.2d 1394, 1400 (7th Cir.1993) (requiring that all Rule 12 defenses and objections be consolidated in the first motion). Although Lee Electric need not have raised all of the substantive claims that it has since discovered in the motion to quash, some, including the claim based on the statute of limitations, would have been required. Lee Electric's deci-

sion instead to raise a lone, frivolous service of process claim led the district court rationally to conclude that Lee Electric had no substantive objections to the motion for turnover, and "a frivolous motion buys the movant no time." *Ruggiero*, 994 F.2d at 1227.

The facts here closely parallel those at issue in *Ruggiero*. In *Ruggiero*, the Resolution Trust Corporation ("RTC") sought and won a judgment against a delinquent creditor, Ruggiero. During post-judgment proceedings, RTC filed a motion to impose a resulting trust on considerable real property, which Ruggiero claimed was owned by his wife. In response to the motion, Ruggiero filed a flurry of procedural responses rather than substantively addressing the merits of the RTC motion. When the district court summarily granted the RTC motion, Ruggiero appealed, claiming that his due process rights were violated by the district court's failure to hold a trial. We upheld the district court's ruling, finding that Judge Shadur "drew the logical inference from [Ruggiero's] silence," in concluding that Ruggiero had no substantive objections to the motion. *Id.* at 1227.

■ Lee Electric fails to provide a claim as strong as the one made by Ruggiero. It was given an opportunity, at the hearing, to supplement its motion to quash with further objections or defenses to the motion for turnover. Lee Electric failed to do so. It claims that it was unable to present any such objections at the hearing because the judge was not disposed to listen to arguments on the merits of the motion for turnover and was "impatient and frustrated." We are unmoved, because "[w]hile a party may believe it would be futile ... and that the objection may irritate the court, it is still incumbent upon the party to make the objection in order to preserve the issue for appeal." *Johnson v. Ashby*, 808 F.2d 676, 679 (7th Cir.1987); *see also Starks v. Rent–A–Center*, 58 F.3d 358, 362 (8th Cir.1995) ("[C]oncern that the trial judge would prefer no objection or

the view that the objection would be futile does not relieve parties from making an objection to preserve errors for review."). By the same logic, a party who wishes to object to a motion should file a response or object at the hearing so that these objections are not lost.

Lee Electric also argues that the district court misled it into believing that it would have additional time to file a response to the motion for turnover. The bases for this alleged misrepresentation were the court's requirement that counsel for Lee Electric file an appearance as required by Local Rule 3.14 and the district court's statement that it had not read the briefs but would issue "either a ruling date or a ruling" in a few days.

Lee Electric contends that, since the district court knew that its counsel would file an appearance on March 30, 1998, Lee Electric clearly expected additional time to respond to the motion. This contention is unwarranted. An appearance form must be filed by every attorney who appears before the court, *see* N.D. Ill. Local R. 3.14(B), so this procedure should have preceded any activity by Lee Electric's counsel. As such, the district court's enforcement of the appearance requirement was mandatory, and no inferences could rationally have been drawn from it.

Lee Electric could not have rationally inferred from the court's statement that it was permitting additional time to file motions either. The court clearly stated that it would issue "either a ruling date *or* a ruling" after the hearing. By using the alternative term "or," the court informed both parties that a ruling was clearly possible within the following few days. Lee Electric clearly understood that the court used the alternative, since it quoted the court in its Rule 59(e) motion. Now, Lee Electric would have us believe that it understood the phrase "either a ruling or a ruling date" only to include the latter choice. It is apparent that the district court stated that it might rule on the motions within a few days. Lee Electric

must bear the consequences for its mistake.

We find, after our review of the record, that Lee Electric had numerous opportunities for its substantive arguments to be heard or at least noted. Lee Electric squandered these opportunities by raising frivolous motions instead of substantive ones, failing to present any objections or defenses at the motion hearing and failing to recognize a clear statement made by the district court. Given Lee Electric's numerous opportunities to be heard, the district court could have rationally concluded that Lee Electric had no substantive arguments to raise, so the court did not violate its rights to due process by its grant of the motion for turnover.

### B. Denial of Rule 59(e) Motion

▇▇▇▇▇ Lee Electric also claims on appeal that the district court wrongly granted the Trustees' motion for turnover. The district court did not abuse its discretion in denying Lee Electric's Rule 59(e) motion. "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro*, 91 F.3d at 876. However, the rule should not be used to allow a party to introduce new evidence or advance new arguments that it should have brought before the district court. *Id.* Here, Lee Electric asserts that the very arguments that it raised in its Rule 59(e) motion were those that it would have raised before the district court. The "new" evidence that Lee Electric asserts that it presented should have been presented below. Thus, Lee Electric implicitly acknowledges by its Rule 59(e) motion that it failed to follow the correct procedures in order to preserve review of its substantive arguments against the motion

for turnover and asks us to overrule the district court's denial of the Rule 59(e) motion in order to do so. We decline to participate in the type of unnecessary appellate procedure that Rule 59(e) was designed to avoid.

### III. CONCLUSION

Because we find that respondent Lee Electric Co. was not denied due process by the district court's failure to allow it to supplement its motion to quash with additional motions, and because respondent waived additional arguments against appellee's motion to turnover by failing to raise these in its motion to quash or at the March 27 hearing, the decisions of the district court are

AFFIRMED.