**Ronald W. EVANS, Petitioner–Appellant,**

v.

**Kevin ASHBURN, Respondent–Appellee.**

No. 02–3488.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.*

Decided April 28, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

ORDER

A prison disciplinary board found Indiana inmate Ronald Evans guilty of conspiring to traffic cigarettes and sanctioned him by revoking 90 days of good time and demoting him to a lower credit-earning class. After exhausting his state remedies, Evans filed a petition for a writ of habeas corpus in federal district court, *see* 28 U.S.C. § 2254(a), claiming that prison officials violated his right to due process of law. After the court denied his

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

petition, Evans asked the court to alter or amend the judgment under Fed.R.Civ.P. 59(e), asserting for the first time that prison officials failed to turn over an allegedly exculpatory audio tape. The court, however, denied his request because Evans's motion did not assert a reversible legal or factual error; instead, he was trying to advance a new attack on his disciplinary proceeding that he had failed to raise in his § 2254 petition.

Evans now appeals but without merit. In his brief, he rehashes his Rule 59(e) motion, arguing that prison officials violated his due process rights by not turning over the tape. Rule 59(e) allows movants to challenge a judgment based on manifest errors or law or fact, or on newly discovered evidence. *Bordelon v. Chi. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir.2001). The rule does not allow parties to present new arguments, *Divane v. Krull Elec. Co.*, 194 F.3d 845, 850 (7th Cir.1999), which is precisely what Evans tried to do. He did not claim that prison officials denied him access to an exculpatory tape in his § 2254 petition; consequently, the district court did not abuse its discretion by denying his request for relief under Rule 59(e).

AFFIRMED.