Jimmie E. **SMALL**, Plaintiff,

v.

Elaine E. **CHAO**, Secretary U.S. Department of Labor, Illinois Department of Commerce and Community Affairs, Two Rivers Regional Council of Public Officials, Carl Sandburg College JTPA, and West Central Workforce Development Council, its agents and assigns, Defendants.

No. 02–3191.

United States District Court,
C.D. Illinois,
Springfield Division.

July 1, 2003.

See, also, 398 F.3d 894.

Jimmie E. Small, Quincy, IL, pro se.

James A. Lewis, US Attorney, Springfield, IL, for Defendants.

### ORDER

SCOTT, District Judge.

This matter comes before the Court on Plaintiff Jimmie Small's Motion for New Trial, Jury Trial and, Alternatively, to Correct, Amend or Set Aside the January 15, 2003, and March 31, 2003, dismissal and vacate the Court's March 31, 2003, Final Judgment (d/e 59) (hereinafter "Motion to Alter or Amend").

A motion to alter or amend judgment is governed by Federal Rule of Civil Procedure 59(e). The Court will allow such a motion only if it determines that it:

has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Rule 59(e) cannot be used to advance new arguments that could have been raised previously. *Divane v. Krull Electric Co.*, 194 F.3d 845, 850 (7th Cir.1999) (*citing Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)). Further, a Rule 59 motion cannot be used to introduce new evidence which should have been introduced previously. *Moro*, 91 F.3d at 876. Finally, a Rule 59 motion cannot be used to rehash old arguments which could have been raised earlier. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) (citations omitted).

The Court has considered Small's Motion and his Amended Memorandum of Law. In these filings, Small has argued new matters which could have been argued during the pendency of the motions to dismiss by each of the Defendants. In addition, he has rehashed each of the arguments raised previously in his responses to the Defendants' motions to dismiss. Furthermore, he has attached several exhibits which were not made available to the Court during the pendency of the motions

to dismiss. He has not provided the Court with any explanation as to why these exhibits were not produced before judgment was entered.

Small has made no showing demonstrating that this Court patently misunderstood his previous arguments or that the Court made manifest errors of law. *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). For the reasons stated in the Court's Orders dated January 15, 2003, and March 31, 2003, Small's Complaint fails to state any claim which is able to survive a motion to dismiss.

THEREFORE, Small's Motion to Alter or Amend (d/e 60) is DENIED. All other pending motions are DENIED as MOOT.

IT IS THEREFORE SO ORDERED.