**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**MERCEDES–BENZ 2000 MODEL S400, et al., Defendant,**

**Henry Sonowo, Claimant–Appellant.**

No. 03–1763.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 16, 2003.*

Decided Dec. 16, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

James M. Kuhn, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Henry Sonowo, pro se, Winton, NC, for Appellant.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

**ORDER**

In October 2000 the United States brought a civil judicial forfeiture action against a 2000 Mercedes Benz under 18 U.S.C. § 981(a)(1)(C), claiming that the car was acquired with proceeds of wire fraud. Henry Sonowo, who at the time was under indictment for the underlying wire-fraud scheme, filed a claim to the Mercedes. The district court set a trial date and directed that all discovery be completed by the end of May 2001. Sonowo, though, never responded to discovery demands, apparently wary of the ongoing criminal case, in which he eventually pleaded guilty. The government gave notice that it would depose Sonowo on May 18, but when his lawyer failed to show, Sonowo refused to answer any questions and filed a pro se motion for a "protective order." The government then moved for a default judgment on the ground that Sonowo had failed to cooperate with discovery, and the district court granted the motion "pursuant to Federal Rule of Civil Procedure 37(a)(2)(C)." This was a typographical error; there is no Rule 37(a)(2)(C), and the order should have read Rule 37(b)(2)(C).

The default judgment is not before us, however, because Sonowo failed to file a notice of appeal within the sixty days allotted by Federal Rule of Appellate Procedure 4. Instead, eighteen months later Sonowo filed a motion in the district court to set aside or vacate the default judgment under Federal Rule of Civil Procedure 60(b)(4). Sonowo argued that the judgment was void because it was premised on a non-existent rule (referring to the typographical error). He also argued that any failure to comply with discovery on his part was justified by his outstanding motion for protective order. The district court denied the motion, reasoning that Rule 60(b) cannot be used to raise arguments that could have been made on direct appeal. The court also amended the judgment pursuant to Rule 60(a) to correct the typographical error. Sonowo then moved under Federal Rule of Civil Procedure 59(e) to alter or amend the order denying his Rule 60(b) motion. He continued to argue that the default judgment was void and suggested that the court had misinterpreted the law. The district court denied the motion, stating that Rule 59(e) is inap-

plicable to rulings on post-judgment motions.

On appeal Sonowo first argues that the district court erred in denying his motion to vacate the default judgment. Rule 60(b)(4) allows a district court to vacate its own final judgment at any time if that judgment was void, either because the court lacked the authority to enter the judgment, *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000), or acted in a manner inconsistent with due process, *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 423 (7th Cir.1999). Sonowo claims that the default judgment was void because of the typographical error in referring to Rule 37. But mistakes or even manifest errors of law do not render a judgment void if the court had the power to enter it. *See O'Rourke Bros.*, 201 F.3d at 951. Here, Sonowo does not deny that Rule 37(b)(2)(C) gave the court power to grant a default judgment. And though Sonowo does argue that the default judgment was inconsistent with due process, all that due process requires is notice and an opportunity to be heard. *Grun*, 163 F.3d at 423. Sonowo does not dispute that the government sent notice of the motion for default judgment to his attorney, and whether counsel passed the information along to Sonowo is irrelevant. Notice to a party's attorney constitutes notice to that party, and lack of communication between attorney and client does not justify relief from a default judgment. *United States v. Indoor Cultivation Equip. from High Tech. Indoor Garden Supply*, 55 F.3d 1311, 1318 (7th Cir.1995). The fact that Sonowo did not take advantage of his opportunity to be heard does not mean he was denied due process. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir.1999). The district court correctly denied Sonowo's motion to set aside or vacate its default judgment.

Sonowo also argues that the district court erred in denying his Rule 59(e) motion to alter or amend its order denying the Rule 60(b) motion. We agree with Sonowo that, contrary to the district court's ruling, Rule 59(e) may be used to alter or amend an order denying a Rule 60(b) motion, which is itself a final and appealable decision. *Berwick Grain Co. v. Ill. Dep't of Agric.*, 189 F.3d 556, 558 (7th Cir.1999). However, a Rule 59(e) motion should be granted only when there is newly discovered evidence or the court has made a manifest error of law or fact. *Divane*, 194 F.3d at 850. Sonowo's motion did not present any new evidence, and merely argued that the district court misinterpreted the law when deciding his Rule 60(b) motion. Because we have concluded that the district court's disposition of the Rule 60(b) motion was not in error, the court did not abuse its discretion by denying Sonowo's motion to reconsider that judgment.

AFFIRMED.