## Estelle Schwartz, Appellant, v. Chicago Railways Company, Appellee.

### Gen. No. 23,142.

CARRIERS—*when evidence is insufficient to show existence of menace to passengers by stones thrown through cars of which carrier has notice.* In an action to recover for personal injuries to a passenger from a stone being thrown through a window of the car in which she was riding, evidence of prior occurrences of a like nature, which is vague as to the places at which they happened, and which does not show that any passenger was injured or put in danger of bodily harm thereby, is insufficient to show the existence of an actual menace to the safety of defendant's passengers of which it had notice.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed November 30, 1917. Rehearing denied December 12, 1917.

ALEXANDER H. HEYMAN, for appellant.

FRANK L. KRIETE, for appellee; W. W. GURLEY, J. R. GUILLIAMS and CHARLES L. MAHONY, of counsel.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

The appellant, who was the plaintiff below in a suit for personal injuries based upon the failure of appellee to take due precautions to prevent an accident to appellant as a passenger on its cars, and a consequent injury to her resulting from the throwing of a stone through the car window by a person not in the employ of appellee, seeks to reverse a judgment in favor of appellee entered on a directed verdict. Appellant offered evidence tending to show the accident and consequent injury to herself, and that the conductor

said to her immediately after the accident, "This has happened before." In addition, one witness testified that during the year 1913, prior to September 5th, he rode on the same line, and in the fall of 1912, somebody smashed the glass on the outside of the car, in the vicinity of where this accident happened. Another witness testified that before the date of the accident he saw boys throwing stones through the window; this was about 2 or 3 weeks before this accident happened; he also stated that stones were thrown frequently during the 2 years before the accident; that he saw nobody hurt. A third witness testified that during the month of August, 1913, he saw some boys playing in a heap of gravel, and saw stones thrown through the car windows, that they were not large stones, but small gravel; that in the year 1913, between January 1st and August 1st, he saw stones "as big as coals" thrown through the windows. A fourth witness testified that on the 2nd of September, 1913, a tomato was thrown through the window, somewhere on West 14th street, and prior to that date (he does not say when) a cigaret was thrown through the window and a baby's bonnet burned; that he saw a potato thrown in the same manner 2 or 3 days before the accident. It does not appear at what place this happened. A fifth witness stated that about the 2nd of September, a boy threw a stone in the window, and it bounced off her baby's leg; no one was hurt; she could not say where this happened. Counsel offered other witnesses to show that stones and other hard substances had been thrown through the car window of a 14th street car prior to the time of the accident.

Counsel, in his brief, makes no point in regard to the exclusion of this evidence offered, but seems to rely solely upon the court's action in directing a verdict in view of the evidence actually received. Apparently it is conceded by appellee that a carrier is bound to exercise ordinary care to prevent any dan-

ger to its passengers, providing it had reasonable grounds to anticipate such a danger, but makes a question as to the degree of care which it is bound to exercise. Assuming that counsel for appellant is correct in his contention that this degree of care is the highest degree of care, consistent with the practical operation of its road, a question arises as to whether the facts shown in the evidence, when viewed in the aspect most favorable to appellant, could be considered notice to the appellee of a danger to its passengers. Upon a careful examination of the evidence, we are of the opinion that the facts were totally insufficient in that it does not appear that any passenger was injured in any degree or put in jeopardy of bodily harm at any time prior to the time of the accident in question. The facts testified to, if brought home to the employees of the appellee, were not of a nature to cause a reasonable apprehension on its part of danger to its passengers; certainly not of extrahazardous dangers. In addition to this, the testimony in regard to the place at which prior occurrences had happened was entirely too vague to justify the jury in finding that appellee had notice of any danger to its passengers at the place of the accident. In short, we are of the opinion that the evidence received, even when taken in connection with appellant's offer of further proof, is totally insufficient to show the existence of an actual menace to the safety of appellee's passengers, of which it had notice.

The judgment of the Superior Court must, therefore, be affirmed.

*Affirmed.*