WARREN TELEPHONE CO., APPELLANT, *v.* HAKALA, APPELLEE.

(No. 1385—Decided October 25, 1957.)

*Mr. James W. Frey,* for appellant.
*Mr. Paul E. Kightlinger,* for appellee.

*Per Curiam.* Plaintiff's telephone system was damaged by defendant colliding with one of its poles. Defendant admits liability.

The question presented involves the proper measure of damages to which plaintiff is entitled.

The plaintiff's direct cost for labor and materials in making the necessary repairs was $57.78. In addition thereto plaintiff has computed its indirect cost of making such repairs, said computation amounting to $53.67.

The method used by plaintiff in determining the indirect cost of repairs was to use a percentage of the direct cost of labor and materials, which percentage was based upon the actual experience of the plaintiff telephone company as to what such indirect costs were to the company over many years.

The defendant contends that these so-called "burden" charges are unreasonable, remote, arbitrary, and do not apply to the simple job of replacing a $10.53 pole.

Of course, the plaintiff may not recover damages that are conjectural and matters of guesswork, but if the plaintiff is able to prove with reasonable certainty indirect overhead costs of repairs and that these indirect costs have been correctly made in accordance with sound accounting principles, then these indirect costs are a proper element of damage, which the plaintiff may recover.

In this case the plaintiff has proved that these indirect costs are made and computed on sound accounting principles based on the experience of the company over a long period of time.

The evidence before us is that the cost of repairs included both direct and indirect costs. There is nothing in the record to refute this proof. Such being the case, the judgment of the Court of Common Pleas is reversed, and this court coming now to enter the judgment which the Court of Common Pleas should have rendered enters judgment for the plaintiff for $111.45 as prayed for by the plaintiff.

*Judgment reversed.*

NICHOLS, P. J., GRIFFITH and PHILLIPS, JJ., concur.