BALTIMORE AND OHIO RAILROAD
COMPANY, Plaintiff-Appellee,

v.

COMMERCIAL TRANSPORT, INC., and
Edgar C. Francis, Defendants-
Appellants.

No. 12674.

United States Court of Appeals
Seventh Circuit.

Jan. 4, 1960.

Bernard H. Bertrand and John M. Ferguson, East St. Louis, Ill., Wagner, Conner, Ferguson, Bertrand & Baker, East St. Louis, Ill., of counsel, for appellants, Commercial Transport, Inc., and Edgar C. Francis.

P. Eugene Smith, Dayton, Ohio, John C. Roberts, East St. Louis, Ill., Marshall & Smith, Dayton, Ohio, Edward W. Stubbs, Jr., of Kramer, Campbell, Costello & Wiechert, East St. Louis, Ill., for appellee, Baltimore & O. R. Co.

Before SCHNACKENBERG, PARKINSON [1] and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This diversity action was brought by plaintiff-appellee, The Baltimore and Ohio Railroad Company against Commercial Transport, Inc., and Edgar C. Francis, defendants-appellants to recover damages in the sum of $69,104.17. The damages were alleged to have been sustained as a result of the negligent operation of a tractor-trailer operated for

[1]. While Judge Parkinson participated in the hearing of oral arguments and a conference of the division judges above-named, he was not present at the time of, and did not participate in, the adoption of this opinion. He concurred in the result reached in this opinion.

defendants which collided with a diesel locomotive of plaintiff at a railroad-highway crossing. The amount claimed by plaintiff as damages included $6,997.88 it expended in payment of hospital and medical bills of members of the train crew who were injured and burned in the collision. The balance claimed was for damage to the diesel engine, railroad cars, cargo and tracks.

By stipulation defendants agreed to the fairness and reasonableness of damages claimed to the extent of $47,455.33. Left in dispute was $21,648.84 which included the medical and hospital bills of the crew and certain percentages added to the direct cost of labor and materials used by plaintiff in repairing its property and equipment. Liability of defendants was not stipulated.

The jury returned a verdict for plaintiff for $65,000.00 on which judgment was entered. The defendants appealed contending that the district court erred (1) in admitting evidence concerning plaintiff's payment of hospital and medical expenses of its injured employees, (2) in the admission of certain evidence concerning the cost of repairs to damaged equipment and property, (3) in the exclusion of evidence concerning the design of the diesel locomotive, and (4) in giving certain instructions tendered by plaintiff and refusing certain instructions requested by defendants.

The main contested issues are (1) whether plaintiff, as a matter of law, had a right to recover for amounts expended in payment of hospital and medical bills of its injured employees, and (2) whether evidence of percentage increases added to the amounts paid for labor and materials under a formula utilized by twenty-five major railroads in charging each other for repairs was admissible in proving the cost to plaintiff of repairs it made to its damaged property and equipment.

The trial court permitted the introduction of evidence, over defendants' objection, that plaintiff paid hospital and medical bills of injured members of the train crew, together with the amount of such expenditures. Defendants objected to admission of evidence of such payments as elements of damage. They do not question the fairness or reasonableness of the amounts involved but contend that the plaintiff was under no legal obligation to pay these bills, was a mere volunteer in doing so, and is therefore, as a matter of law, not entitled to recover such amounts from defendants.

■ In a similar situation this court rejected the contention that a railroad was a mere volunteer and held it entitled to indemnification for amounts paid for medical services to its employees for injuries caused by the negligent third party. Chicago, Rock Island & Pacific Railway Company v. United States, 7 Cir., 220 F.2d 939. Similar holdings were made in St. Louis-San Francisco Ry. Co. v. United States, 5 Cir., 187 F.2d 925 and United States v. Chicago, Rock Island & Pacific Ry. Co., 10 Cir., 171 F.2d 377. In the cases cited settlements had been made with the employee compromising his claim against the railroad. Such factor, however, does not in our opinion serve to alter the legal principle involved nor afford a basis for distinguishing the cases cited. Settlement does not affect legal liability. The district court did not err in admitting evidence concerning payment of the hospital and medical bills by plaintiff.

On the issue of damages, as distinguished from liabilitiy, the defendants admitted the fairness and reasonableness of damages to the extent of $47,455.33. Repairs to the diesel engine and track were made by plaintiff itself. The stipulated figure included the total dollar amount plaintiff paid its employees for time spent in making the repairs to the engine and track and the amount paid suppliers for the material used. Left in dispute, as to these items, was $3,409.50 representing 15% of cost of materials used to repair the engine; $286.00 representing 26.42% of the amount paid employees for track repairs; and $11,061.-96 representing 91% of the amount paid to employees for work in the repairing of the diesel locomotive. Plaintiff contends these additional percentages reflect

the cost to it for overhead including supervision; depreciation on buildings, machinery, equipment and tools; indirect expense for insurance, freight charges, record keeping and stenographic services; a proportionate share of cost of employees' paid vacations and holidays; and taxes and contributions for unemployment compensation, railroad retirement and health and welfare benefits. Plaintiff's Inspector of Accounts was permitted to testify, over defendants' objection, as to the amounts above set forth and the manner of their computation. It was admitted that the percentages used are not derived from the records or experience of plaintiff, but are taken from formulae contained in the current Rules of the General Managers Association, admitted in evidence as a plaintiff's exhibit. The Association is an organization of twenty-five major railroads formed to established reasonable charges and uniform cost factors to be employed by these railroads in billing each other, either for services rendered in the repair of the railroad track, equipment or property of another railroad, or for reimbursement for self-repair of damages to track or equipment caused by another railroad. The secretary of the Association testified that the Rules, with revisions, have been in use since 1913. That they "are designed to make a billing carrier whole. There is no element of profit in the application of the Rules as between members or others. It is to give back to the damaged carrier its out of pocket cost".

Defendants offered no evidence that the percentages were unreasonable or to otherwise dispute plaintiff's claimed costs. In Ford Motor Co. v. Bradley Transportation Co., 6 Cir., 174 F.2d 192, 198 it was stated:

"  *   *   *   We find no reversible error in the inclusion of overhead in the cost allowed plaintiff for repair and demolition of the equipment and parts of the dock, track, etc. damaged in the accident".

The reasonable cost of the repairs made by plaintiff by its own employees is not limited to the dollar amount actually paid the workman and material suppliers. Such a limitation would ignore the facts of business life.

On the basis of the facts adduced in the instant case as to the establishment of the percentage formulae contained in the Rules of the General Managers Association, and their long use and continued acceptance in the industry, we are of the opinion that the district court did not err in admitting the testimony and exhibit in question. This evidence was material and relevant in proof of plaintiff's damages. It is infrequent that damages are measurable with mathematical certainty or that a plaintiff can prove all elements from his own records or experience. The factors here employed and submitted for the jury's consideration were not designed to produce a profit. Methods accepted in everyday business affairs as fixing fair measures of value are not to be excluded from a jury's consideration in arriving at damages.

Defendants' claim of exclusion of evidence is not borne out by the record. The witness was permitted to answer the questions asked, and the remarks of the trial court as to relevancy of evidence concerning the position of cabs on diesel locomotives operated by others, whether in the front or rear of the motor, were not, in the context in which they appear, reversibe error.

Defendants' contention as to error in instructions given at plaintiff's request is not properly before us. The record shows that defendants' objection to the four instructions involved was merely that they "do not correctly state the law". Such objection does not comply with the requirements of Rule 51 of the Federal Rules of Civil Procedure (28 U.S.C.A. Rule 51) that an objector to an instruction must state "distinctly the matter to which he objects and the grounds of his objection". Thus, no point was properly preserved for our review. Apperwhite v. Illinois Central Railroad Co., 8 Cir., 239 F.2d 306, 310.

Cf. Willits v. Yellow Cab Co., 7 Cir., 214 F.2d 612, 615.

■ Likewise, defendants' claim of error in the trial court's refusal to give certain instructions they requested is without merit. The instructions proffered by defendants were properly rejected for the reason that they were inapplicable to the issues made by the pleadings and the evidence.

The judgment for plaintiff is affirmed.

Affirmed.