Jimmie SUE, Plaintiff-Appellant,

v.

CHICAGO TRANSIT AUTHORITY, an Illinois Municipal Corporation, Defendant-Appellee.

No. 12891.

United States Court of Appeals Seventh Circuit.

June 9, 1960.

Rehearing Denied July 15, 1960.

Zeamore A. Ader, Chicago, Ill., for appellant.

William S. Allen, Jerome F. Dixon, Paul Denvir, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Plaintiff-appellant, J i m m i e S u e, brought this diversity action against the Chicago Transit Authority, defendant-appellee, to recover damages for personal injuries. The injuries were sustained on June 29, 1956 while he was riding as a fare paying passenger on one of defendant's buses. He was struck on the forehead by a rock which entered the bus through an open window.

The jury returned a verdict for defendant. The District Court entered judgment on the verdict. Plaintiff's appeal followed denial of his motion to vacate, for judgment notwithstanding the verdict, or, in the alternative, for a new trial. He contends the District Court erred in denying his motion.

The main contested issue is whether the court erred in limiting evidence of prior rock or missile throwing occurrences involving defendant's buses to the square mile area surrounding the site of the incident and also anywhere on the route of the particular bus line, and, in each instance, to the one year period preceding the date of the incident. Plaintiff also predicates other contentions of error on this issue.

At a pre-trial conference the defendant was ordered to supply information, in connection with interrogatories submitted by plaintiff, as to missile throwing incidents within the limits of place and time as above set forth. Defendant responded by furnishing typewritten sheets setting forth the number of weekday, Saturday, Sunday and Holiday bus trips, northbound and southbound, in the square mile area and on the particular route during the one year period prior to June 29, 1956 together with the number of rock throwing incidents and details thereof. Seven such incidents were related, none of which caused personal injury or resulted in a claim. They all appeared of minor nature. At the trial plaintiff requested that this data be read to the jury. It was so read and the jury was permitted to take the typewritten sheets containing the information to the jury room for use in its deliberations.

Among plaintiff's contentions of error relating to the issue as to the scope of the prior occurrence evidence is the refusal of the District Court to require the defendant to answer interrogatories seeking to elicit information concerning the number of missile throwing incidents involving any of defendant's buses or other public conveyances between June 1, 1951 and July 29, 1956, the names and addresses of persons injured, the property damage caused, localities of the occurrences, number of claims paid, and similar data for the route travelled by the particular bus line on which plaintiff was a passenger.

■ The defendant as a common carrier was bound to exercise a high degree of care toward its passengers. But, under Illinois law, which governs this case, liability for injury to a passenger resulting from a missile hurled into the carrier's vehicle by a third person exists only where the incident could have been reasonably foreseen and avoided by the carrier. Chicago & Alton Railroad Company v. Pillsbury, 123 Ill. 9, 22, 14 N.E. 22. And, prior occurrence evidence must be such as would establish that the carrier had notice of "danger to its passengers at the place of the accident", Schwartz v. Chicago Railways Company, 208 Ill.App. 232, 234. Such evidence was lacking in the instant case.

■ Nor would the information sought by the interrogatories defendant was not required to answer have been relevant. It was remote in both time and place. It would not have established notice of danger at the site of the incident involved. Defendant operates as a common carrier in a city of nearly four million people and over many miles of routes utilizing surface, subway and elevated facilities. Characters of neighborhoods in such a large city change in no more than a few blocks and may vary in a short period of time. It was well within the discretion of the court to re-

fuse to require the defendant to answer the interrogatories in question. Newell v. Phillips Petroleum Co., 10 Cir., 144 F.2d 338, 340.

 The information on prior incidents which was furnished, read into evidence and taken by the jury for use in its deliberations was furnished and placed in evidence at the request of the plaintiff. The defendant having produced the data in response to a pre-trial order in connection with plaintiff's interrogatories it was not error, as claimed by plaintiff, for the court to refuse to enforce a subsequent subpoena *duces tecum* calling on defendant to produce its books and records relating to the rock throwing incidents it divulged. Having elicited the data in the form it was furnished he was not in position to demand that a representative of defendant appear with its records for the purpose of cross-examination. Under the circumstances it does not appear that plaintiff was prejudiced by the refusal of the court to enforce the subpoena *duces tecum*. Whether such a subpoena should be enforced is in the first instance a question for the trial court. Its determination will not be disturbed on appeal unless it clearly appears arbitrary and finds no support in the record. Shotkin v. Nelson, 10 Cir., 146 F.2d 402, 404.

 Plaintiff's claimed errors in instructions are not preserved for review. No specific ground of objection was stated as required by Rule 51 of the Federal Rules of Civil Procedure (28 U.S.C.A. Rule 51). Baltimore & Ohio Railroad Company v. Commercial Transport, Inc., 7 Cir., 273 F.2d 447, 449.

 The jury found the defendant not guilty on the issue of liability and did not reach the question of damages. Consequently, errors asserted as to instructions on damages and rulings on admissibility of evidence relating to damages may not be raised on appeal, no prejudice or harm resulting from the error, if any. Ackelson v. Brown, 8 Cir., 264 F.2d 543, 547.

We have considered all other claims of error advanced by plaintiff and the arguments he makes in support thereof. We find them without merit.

The judgment order of the District Court is affirmed.

Affirmed.