COLUMBUS & SOUTHERN OHIO ELECTRIC COMPANY, APPELLANT, *v.* J.P. SAND & GRAVEL COMPANY, APPELLEE.

(No. 84AP-547 — Decided March 28, 1985.)

*Porter, Wright, Morris & Arthur, Michael K. Yarbrough* and *Daniel W. Costello,* for appellant.

*Emens, Hurd, Kegler & Ritter Co., L.P.A.,* and *S. Noel Melvin,* for appellee.

CONNORS, J.     This cause comes before the court on appeal from a judgment of the Franklin County Court of Common Pleas wherein plaintiff-appellant, Columbus & Southern Ohio Electric Company, was awarded judgment against defendant-appellee, J.P. Sand & Gravel Company, in the amount of $39,851.38.

The material facts of this action may be concisely stated. The cause was instituted by appellant to recover damages incurred by the repair of a double circuit transmission tower damaged by the negligence of an employee of appellee. It is important to note that appellee admitted negligence at the trial. Also, there was no question that, other than as part of the power grid, the transmission tower had no independent fair market value.

Appellant sought an award of damages in the amount of $60,558.09 for the repair of the transmission tower. Appellant's total claim for damages included the following items:

Thus, appellant's claim for relief consisted of both direct expenses and fixed or overhead costs.

As noted, the trial court awarded appellant the sum of $39,851.38, finding that appellant was not entitled to recover fixed costs for engineering, supervision or general administrative expenses. The trial court did award damages for direct expenses and fixed expenses in the form of small tools and warehousing costs.[1] From this decision, appellant sets forth a single assignment of error:

"The Court of Common Pleas of Franklin County, Ohio erred in its ruling that plaintiff-appellant Columbus & Southern Ohio Electric Company was not entitled to recover, as part of its damage award, the administrative and general expenses and the engineering and supervision expenses claimed by it as part of the total cost of repairing a transmission tower that was damaged as a result of the admitted negligence of defendant-appellee J.P. Sand & Gravel Company."

There is little doubt that the formula for damages in the instant case is the cost of repairs necessary to restore the damaged tower. *Allstate Ins. Co.* v. *Reep*

### Direct Expenses:

| Labor | | |
|---|---|---|
| Engineering Labor | $     771.54 | |
| Non-Engineering Labor | 22,032.85 | $22,804.39 |
| Materials | | 3,157.17 |
| Transportation | | 5,982.80 |
| Other Expenses | | 5,995.27 |
| | | $37,939.63 |

### Indirect Expenses:

| | |
|---|---|
| Warehousing | $     810.11 |
| Small Tools | 1,101.64 |
| Engineering & Supervision | 16,744.97 |
| Administrative & General | 3,961.74 |
| | $22,618.46 |

[1] The trial court found that appellee had admitted that fixed costs for small tools and warehousing were recoverable pursuant to an agreement with appellant.

(1982), 7 Ohio App. 3d 90; *Ohio Power Co.* v. *Johnston* (1968), 18 Ohio Misc. 55 [47 O.O.2d 93]. Nor is there doubt that the principle governing the recovery of damages entitles appellant to compensation sufficient to make the injured party whole. *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178, 184 [71 O.O.2d 174].

The sole issue raised by appellant is whether the trial court properly denied the recovery of indirect fixed overhead costs established by competent and accurate evidence. Subsequent to the trial court's decision, this issue was resolved by this court in *Ohio Bell Tel. Co.* v. *Vaughn Bldg. Co. of Ohio* (Nov. 20, 1984), No. 83AP-1093, unreported. In *Ohio Bell,* this court granted recovery of indirect costs designed solely to make the injured party whole when established by sound accounting principles. Our reasoning in *Ohio Bell* was directly contrary to the "but for" reasoning applied by the trial court herein. See, also, *Warren Tel. Co.* v. *Hakala* (1957), 105 Ohio App. 459 [6 O.O.2d 201]; *Cincinnati Bell, Inc.* v. *Hinterlong* (1981), 70 Ohio Misc. 38 [24 O.O.3d 52]. Thus, it is clear that fixed costs are recoverable in the cause *sub judice.*

Finally, the evidence was more than sufficient to establish the general and engineering expenses claimed by appellant. It is error for the trial court to deny recovery of fixed or overhead expenses; whereas, in this cause, substantial, competent and uncontroverted evidence establishes the accuracy of the claimed indirect damages.

Accordingly, appellant's assignment of error is sustained.

For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed
and cause remanded.*

NORRIS, J., concurs.

STRAUSBAUGH, J., dissents.

CONNORS, J., of the Sixth Appellate District, sitting by assignment in the Tenth Appellate District.

STRAUSBAUGH, J., dissenting. Being unable to concur with the opinion of my esteemed colleagues, I am forced to dissent. I agree with the reasoning set forth by the trial court in its well-reasoned decision, which I would incorporate by reference herein and affirm.