DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas. There, appellant corporation was awarded a portion of the damages it sought in a negligence action. Because we conclude the trial court's findings were not against the manifest weight of the evidence, we affirm.
 {¶ 2} On May 3, 1997, appellee, Sarah R. Fitzthum, lost control of the vehicle she was driving. She left the road and struck a cable supporting a utility pole. The blow to the support cable caused the utility pole to split down the center.
 {¶ 3} Appellant, Ohio Edison Company, owned the pole. Appellant replaced the pole and billed appellee for the damage. When appellee failed to pay the $3,936.80 appellant claimed, appellant brought the suit which underlies this appeal. In the trial court, appellee stipulated to negligence and the matter proceeded to a bench trial on the issue of damages. In dispute was the method by which appellant computed the "indirect costs" of its repair.
 {¶ 4} The only witness at trial was an accountant for First Energy, appellant's parent company. The accountant testified that by annually applying accounting standards approved by the Federal Energy Regulatory Commission and the Public Utilities Commission of Ohio, appellee computed a cost model for its expenses. This model was used to compute the indirect costs it claimed appellee owed. Appellant's accountant testified that indirect costs were computed wholly by reference to direct costs and that, had direct costs been higher or lower, so too would have been indirect costs. Of the final figure demanded, "indirect costs" comprised about a third of the total.
 {¶ 5} On consideration, the trial court rejected appellant's computationally derived indirect costs, awarding appellant $2,887.34. From this judgment, appellant now appeals, setting forth the following single assignment of error:
 {¶ 6} "The judgment of the Court is contrary to law and clearly and manifestly against the weight of the evidence."
 {¶ 7} The sole issue in this matter is the trial court's determination that appellant failed to prove "indirect costs" with sufficient specificity to entitle it to recover those costs as damages.
 {¶ 8} It is axiomatic that the purpose of an award of damages is to make the injured party whole. Columbus Southern Ohio Elec. Co.v. J.P. Sand Gravel Co. (1995), 22 Ohio App.3d 98, 100, citingColumbus Finance v. Howard (1975), 42 Ohio St.2d 178, 184. With some consistency, Ohio appellate courts have held that a utility is, "* * * entitled to compute its actual costs of repairs by adding indirect costs * * * if [such] costs are proved with reasonable certainty and have been correctly assessed in accordance with sound accounting principles." OhioBell Tel. Co. v. Vaughn Bldg. Co. (Nov. 20, 1984), Franklin App. No. 83AP-1093, citing Warren Tel. Co. v. Hakala (1957), 105 Ohio App. 459,460. The accounting principles imposed upon a utility by the Federal Energy Regulatory Commission and the Public Utilities Commission of Ohio have been deemed to be sound. Ohio Edison Company v. Roman (Sept. 16, 1998), Lorain App. No. 97CA006735; Cleveland Elec. Illuminating Co. v.Spelic (Mar. 29, 1990), Cuyahoga App. No. 56650. Consequently, indirect costs may be awarded to a utility as part of damages, if proven with reasonable certainty. However, a plaintiff, "* * * may not recover damages that are conjectural and matters of guesswork * * *." WarrenTel. Co., supra, at 460. The burden of proving damages is the plaintiff's. Broadvue Motors, Inc. v. Maple Hts. Police (1999),135 Ohio App.3d 405, 410.
 {¶ 9} The determination of whether a party has met its burden of proof is that of the trier of fact. The factual findings of a trier of fact will not be overturned on appeal unless they are against the manifest weight of the evidence. Vogel v. Wells (1991), 57 Ohio St.3d 91,96.
 {¶ 10} Our consideration of a trier of fact's findings are guided by certain principles. Primary among these is that the factfinder is in the best position to weigh the credibility of witnesses. Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. For this reason, there is a presumption that the findings of a trier of fact are correct. Id. This presumption is all the more rigorous to overcome for the party who has the burden of proof. That party has little recourse if a trier of fact chooses not to believe some or all of its proofs. In re Scott
(1996), 111 Ohio App.3d 273, 276; see, also, State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 11} In this matter, the trial court concluded that appellant had failed to prove with specificity its indirect damages and had not established a sufficient nexus between appellee's negligence and its indirect costs. We cannot say that this determination was manifestly against the weight of the evidence. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 12} However, we sua sponte note that the computation of damages awarded appears inconsistent with the facts. The court ordered appellee to pay the amounts on lines 1, 14, 15, 16, and 19 of appellant's exhibit F. Item 16 is the sum of items 14 and 15, so its inclusion in the total would appear improper. This court has the authority to consider obvious errors discovered in reviewing the record under the concept of plain error. See Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122. Consequently, based on the doctrine of plain error, we affirm the trial court's findings but reverse and remand the matter for recomputation of the damages awarded.
 {¶ 13} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to said court for further consideration consistent with this decision. Costs to appellant.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.