DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from the judgment of the Toledo Municipal Court to award The Toledo Edison Company only a portion of the damages it sought in a negligence action against Jerry Czajka. Because we conclude that the trial court's judgment was not against the manifest weight of the evidence, we affirm.
 {¶ 2} On December 6, 2000, Czajka was in a car accident that caused damage to a utility pole owned by Toledo Edison. Toledo Edison replaced the pole and billed Czajka for the damages. When Czajka did not pay, Toledo Edison filed suit in the Toledo Municipal Court. Before the bench trial, Czajka stipulated to negligence. The videotape deposition of a senior accountant for FirstEnergy Corp., Toledo Edison's parent company, was submitted, and the parties filed written closing arguments. Toledo Edison requested damages for its direct and "indirect costs" in the amount of $4,014.87. The trial court found that the indirect costs were not proven and awarded Toledo Edison $2,144.30 for the labor and material costs sufficiently proven. From this judgment, Toledo Edison raises the following sole assignment of error:
 {¶ 3} "The judgment of the trial court awarding Toledo Edison damages for only labor and materials in the amount of $2,144.30 was against the manifest weight of the evidence."
 {¶ 4} Where a judgment is supported by some competent, credible evidence going to every essential element of the case, this court will not reverse that judgment as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus. This court has recently considered the issue of damages in an action involving a utility company in Ohio Edison Co.v. Fitzthum, 6th Dist. No. OT-02-002, 2002-Ohio-7303, and Toledo EdisonCo. v. Teply, E-02-022, 2003-Ohio-1417. In Fitzthum, we set forth the following with regard to the law on damages:
 {¶ 5} "It is axiomatic that the purpose of an award of damages is to make the injured party whole. Columbus Southern Ohio Elec. Co.v. J.P. Sand Gravel Co. (1995), 22 Ohio App.3d 98, 100, citingColumbus Finance v. Howard (1975), 42 Ohio St.2d 178, 184. With some consistency, Ohio appellate courts have held that a utility is, "* * * entitled to compute its actual costs of repairs by adding indirect costs * * * if [such] costs are proved with reasonable certainty and have been correctly assessed in accordance with sound accounting principles." OhioBell Tel. Co. v. Vaughn Bldg. Co. (Nov. 20, 1984), Franklin App. No. 83AP-1093, citing Warren Tel. Co. v. Hakala (1957), 105 Ohio App. 459,460. The accounting principles imposed upon a utility by the Federal Energy Regulatory Commission and the Public Utilities Commission of Ohio have been deemed to be sound. Ohio Edison Company v. Roman (Sept. 16, 1998), Lorain App. No. 97CA006735; Cleveland Elec. Illuminating Co. v.Spelic (Mar. 29, 1990), Cuyahoga App. No. 56650. Consequently, indirect costs may be awarded to a utility as part of damages, if proven with reasonable certainty. However, a plaintiff, "* * * may not recover damages that are conjectural and matters of guesswork * * *." WarrenTel. Co., supra, at 460. The burden of proving damages is the plaintiff's. Broadvue Motors, Inc. v. Maple Hts. Police (1999),135 Ohio App.3d 405, 410."
 {¶ 6} We are guided by the principle that there is a presumption that the findings of the trier-of-fact were correct and therefore must give deference to the findings of the trial court. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. An appellate court should not substitute its judgment for that of the trial court when there exists some competent and credible evidence supporting the findings of fact and conclusions of law. Id. It is for the trial court when it is the trier of the facts to make determinations as to the weight to be given the evidence and as to the credibility of the witnesses. It is at liberty to believe or disbelieve a witness and accept or reject his testimony or any part thereof. See, Gillen-Crow Pharmacies, Inc. v. Mandzak (1966),5 Ohio St.2d 201, 205.
 {¶ 7} In this case, the trial court concluded that Toledo Edison failed to prove with reasonable certainty its indirect damages. We cannot say that this determination was against the manifest weight of the evidence. For example, the witness testified that the annual study from which the indirect costs were calculated takes into consideration other construction projects, not just pole repairs. The amounts attributed to engineering and supervision salaries and expenses assume that there is a direct relationship with the regular labor costs, but the witness did not know whether any study has been done to establish the truth of this assumption. Furthermore, the "all other" category incorporates the costs of taxes, health benefits, vacations and holidays. The witness, however, testified that the repair work done in this case was all overtime work, and therefore, the employees did not earn any more vacation time or sick time than they would have otherwise. Because the evidence did not establish the reasonable certainty of the indirect costs, the trial court did not err in its determination of damages. Toledo Edison's sole assignment of error is overruled.
 {¶ 8} Upon consideration, we find that substantial justice was done the party complaining. The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Knepper and Pietrykowski, JJ., concur.