NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 29, 2015[*]
Decided November 2, 2015

Before

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 13-1892 | Appeal from the United States District Court for the Southern District of Illinois. |
| LARRY M. JOHNSON, *Plaintiff-Appellant,* | |
| *v.* | No. 10-135-SCW |
| MICHAEL P. RANDLE, *et al.,* *Defendants-Appellees.* | Stephen C. Williams, *Magistrate Judge*. |

**Order**

Larry Johnson, a Buddhist, does not eat meat as a matter of religious principle. Staff of the Menard Correctional Center in Illinois, where Johnson is a prisoner, put him on the institution's ovo-lacto-vegetarian diet, which includes eggs, milk, and some other animal products but not meat, fish, or poultry. This is religiously acceptable to Johnson, but he maintains that the diet is nutritionally deficient. He insists that it lacks sufficient calories and that too much of the protein comes from soybeans. Johnson contends that

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

the diet violates the Cruel and Unusual Punishments Clause of the Eighth Amendment, applied to the states by the Fourteenth Amendment.

Because the defendants did not respond adequately to Johnson's requests for admissions, the district court deemed it admitted that Johnson's diet includes 2,800 calories only one day in 10; that the diet does not meet the Department of Agriculture's recommendations for servings of fruit, vegetables, skim milk, or whole grains; that "large amounts" of soy proteins can cause medical problems (what amount is "large" was left undefined); and that the soy product the prison served ("textured vegetable protein," designed and sold by Archer Daniels Midland as a meat substitute) lacks some essential amino acids. The district court concluded that these admissions entitled Johnson to a jury trial, which a magistrate judge conducted by consent under 28 U.S.C. §636(c). The jury returned a verdict for the remaining defendant. The magistrate judge then denied Johnson's request for an injunction.

Before sending the case to the jury, the judge granted two defendants' motion for judgment as a matter of law, see Fed. R. Civ. P. 50, ruling that their knowledge would not permit an inference that they acted with the intent needed to violate the Eighth Amendment by serving insufficient calories (and, for one defendant, that knowledge about the amount and safety of soy proteins would not support a verdict). Johnson contests this ruling, but given the jury's general verdict on the objective component of the Eighth Amendment claim, there is no need to address it.

Johnson does not contend that the jury instructions were improper. (He does contest the instructions on damages, but those became irrelevant when the jury found no liability.) Instead he maintains that the evidence compelled a ruling in his favor under Rule 50. His problem is that the evidence does not show that every reasonable person must find that the diet was so deficient as to violate the Constitution.

Johnson's claim could be established in one of two ways: proof that 12 (or 25) grams of soy protein daily is too high and exposes inmates to unjustified health risks, or proof that the other components of the diet (such as milk, fruits, and vegetables) do not contain enough of some essential nutrients that soy products lack. Unfortunately for Johnson, his lawyer did not offer either sort of evidence. Indeed, no physician or other medical specialist testified at trial, and the record lacks any medical research such as published articles that would establish either the maximum safe quantity of soy proteins or the minimum safe quantity of milk, fruits, and vegetables. (The Department of Agriculture's recommendations address optimal nutrition, not the bounds of medical safety or the Constitution's minimum standards.) Johnson's lawyer put Johnson and five other inmates on the stand; all testified that they were sure that the diet contained too much

soy protein and too little of other foods, but they had no scientific basis for their conclusions, and this is hardly the sort of thing that can be established without expert evidence. Testimony that a given inmate lost weight, or experienced stomach pains, after switching to the prison's vegetarian diet does not show causation, because there are many other possible reasons; and even establishing causation would not necessarily imply a constitutional shortcoming if the diet were still nutritionally adequate.

The defense offered two witnesses: Suzann Bailey, the dietician who designed the prison system's menus, and Lloyd Hanna, the dietary manager at Menard. They testified that the vegetarian diet contains 2,400 to 2,800 calories daily. Bailey testified that the diet includes three ounces of "soy crumbles" daily and that these contain 12 grams of soy protein—though Bailey conceded that she lacks personal knowledge of where this figure comes from. (The record does not contain a laboratory test or materials distributed by Archer Daniels Midland describing the nutritional content of "textured vegetable protein.") Bailey added that she had read that "25 grams of soy [protein] or less per day is safe"—but she allowed that she could not remember where she had read this or what other foods the subjects of this research had been eating.

Johnson relied substantially on evidence that he had lost 50 pounds (dropping from 190 to 140) in the nine years since switching to the vegetarian diet. But he did not offer any medical evidence that his current weight is unhealthy and did not refute the defendants' contention that he is simply eating less these days. Before converting to Buddhism, Johnson had worked in the prison's kitchen and had been entitled to eat as much as he wanted; after quitting that job, he ate a regular diet. For all this record shows, 190 pounds was too high and 140 pounds is a safe and healthy weight.

Thus neither side put any useful medical information in the record. We do not know whether the vegetarian diet includes 12 grams, 25 grams, or some other amount of soy protein. We do not know whether this amount is too much, too little, or just right either absolutely or in relation to the other foods included in the prison's vegetarian diet. Because Johnson bears the burden of production and the risk of non-persuasion, we can not upset the jury's verdict or insist that the district court issue an injunction. No more need be said to resolve this appeal—though what we have said shows that the outcome of this case is not informative, one way or the other, on the question whether Menard's vegetarian diet satisfies the Constitution. That remains open to consideration on an adequate record in another case.

Johnson's additional arguments have been considered but do not require discussion.

AFFIRMED