In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1826

PATRICIA O'DONNELL,

*Plaintiff-Appellant,*

*v.*

CAINE WEINER COMPANY, LLC,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 6839 — **Jorge L. Alonso**, *Judge.*

ARGUED MAY 21, 2019 — DECIDED AUGUST 14, 2019

Before FLAUM, KANNE, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* Patricia O'Donnell filed suit against
her former employer, Caine Weiner Company, LLC, alleging
unequal pay due to gender discrimination and retaliation. She
lost on all counts at a jury trial. She filed a motion for a new
trial on numerous grounds, including that the allegedly erro-
neous jury instructions and verdict forms prejudiced her case,
but the district court denied her motion. We affirm.

## I. BACKGROUND

Patricia O'Donnell learned that her employer paid her less than her male peers and came to believe that sex-based discrimination explained the pay disparity. She attempted to raise this issue with several people inside the company, including human resources and the Chief Commercial Officer. O'Donnell told multiple Caine Weiner officials that she was going to file a complaint with the EEOC.

O'Donnell shared a desk with her supervisor where she apparently discovered performance evaluations of a couple of her male colleagues in a drawer. O'Donnell believed the evaluations confirmed that Caine Weiner paid the male colleagues more than it paid her for substantially the same work. She took the performance evaluations, made copies of them, and prepared to submit them to the EEOC as proof for her claim. After Caine Weiner learned that O'Donnell took other employees' performance reports without authorization, it initially suspended her and ultimately terminated her. O'Donnell believes she was terminated in retaliation for her complaints about unequal pay, but Caine Weiner maintains that it terminated her for stealing personnel documents.

O'Donnell subsequently filed this action in the Northern District of Illinois alleging four claims: (1) sex-based wage discrimination under the Equal Pay Act (29 U.S.C. § 206(d)); (2) sex discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000 *et seq.*); (3) Retaliation under Title VII; and (4) Retaliation under the Fair Labor Standards Act (29 U.S.C. § 215(a)(3)). Caine Weiner moved for summary judgment, but the district court denied the motion.

Prior to trial, the parties submitted various motions *in limine* and proposed jury instructions. O'Donnell submitted three separate sets of proposed jury instructions. The defense also submitted its own proposed instructions. The case proceeded to trial and the district court administered instructions based on the Seventh Circuit's Model Instructions.

The jury returned a verdict for Caine Weiner on all counts. O'Donnell moved for a new trial, raising a host of alleged trial errors. Relevant to this appeal, O'Donnell claimed that the jury instructions and the verdict forms incorrectly instructed the jury on the law related to her claims. She further argued that the instructions and verdict form were confusing to the jury. O'Donnell also maintained that the district court improperly allowed Caine Weiner to assert an affirmative defense based on her previous salary amounts, especially because Caine Weiner initially failed to raise that defense in its answer to her amended complaint. O'Donnell lastly argued that the district court erred by excluding expert testimony on damages from a forensic economist.

The district court denied O'Donnell's motion for a new trial, noting that her objections to the jury instructions, verdict forms, and the exclusion of her expert witness all related to the issue of damages. Because the jury found in Caine Weiner's favor on all counts on the merits, any error related to the calculation of damages could not have prejudiced O'Donnell's case.

## II. ANALYSIS

O'Donnell makes two arguments on appeal.[1] First, she challenges the jury instructions and verdict forms administered by the district court as legally erroneous and confusing. Second, O'Donnell argues that the district court abused its discretion when it excluded her damages expert's testimony. Altogether, O'Donnell believes the district court's alleged errors resulted in a fundamentally unfair trial. We review the district court's denial of a motion for a new trial for an abuse of discretion. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 877 (7th Cir. 2011).

Both of O'Donnell's claims fail for the same reason—they relate to the issue of damages. After a full trial, the jury returned verdicts in favor of Caine Weiner on all counts, ruling against O'Donnell on the merits of her claims. Here, as in *Sue v. Chicago Transit Auth.*, "the jury found the defendant not guilty on the issue of liability and did not reach the question of damages." 279 F.2d 416, 419 (7th Cir. 1960). We explained in that case that "errors asserted as to instructions on damages and rulings on admissibility of evidence relating to damages may not be raised on appeal," because "no prejudice or harm result[ed] from the error, if any." *Id.*; *see also, e.g., Johnson v. Randle*, 619 F. App'x 552, 553 (7th Cir. 2015) (noting that alleged errors on damages instructions "became irrelevant when the jury found no liability."). Nevertheless, for a full explanation we also address each of O'Donnell's arguments individually.

---

[1] Although O'Donnell initially argued that the district court abused its discretion when it admitted Caine Weiner's affirmative defense based on evidence of her salary history, she has since withdrawn it.

With respect to the alleged deficiencies of the jury instructions and the verdict forms, O'Donnell's major objections focus on the fact that the Equal Pay Act and Title VII provide distinct remedies. *See Cullen v. Indiana Univ. Bd. of Tr.*, 338 F.3d 693, 703 (7th Cir. 2003). But O'Donnell could not have suffered prejudice from any error on this front given that the jury returned a verdict against her on the merits. "[T]o win a new trial based on an incorrect jury instruction, [O'Donnell] must show both that (1) the instruction inadequately states Seventh Circuit law; and (2) the error likely confused or misled the jury *causing prejudice to the appellant*." *Gile v. United Airlines, Inc.*, 213 F.3d 365, 374–75 (7th Cir. 2000) (emphasis added). The jury did not reach the question of remedies, so it never considered the distinction between the Equal Pay Act and Title VII.

O'Donnell also argues that the district court erred by administering only one verdict form for her retaliation claims instead of listing the claims separately (one under Title VII and the other under the FLSA). But she fails to explain how these two claims fundamentally differ and how, exactly, the district court's decision to use a single verdict form prejudiced her. The elements of the counts are nearly identical. To make out a *prima facie* case of retaliation under Title VII, a plaintiff "must establish that: '1) she engaged in statutorily-protected expression; 2) she suffered an adverse action by her employer; and, 3) there is a causal link between the protected expression and the adverse action.'" *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 868–69 (7th Cir. 1995) (quoting *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446 (7th Cir. 1994)). Likewise, to state a retaliation claim under the FLSA, "a plaintiff must plausibly allege that [s]he engaged in activity protected under the Act, h[er] employer took an adverse employment action against

h[er], and a causal link exists between the two." *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 894 (7th Cir. 2018); 29 U.S.C. § 215(a)(3). Therefore, the district court's decision to combine these claims on one verdict form caused O'Donnell no prejudice.

O'Donnell also argues that the district court erred by excluding her forensic economist's expert testimony. But according to O'Donnell's own brief, the economist would have testified to the damages she allegedly suffered, not to liability. Because there are no damages without liability, O'Donnell suffered no prejudice here and this claim fails.

### III. CONCLUSION

A jury determined that Caine Weiner was not liable to O'Donnell based on her discrimination and retaliation claims. But the errors she now alleges all relate to damages. The jury did not address the issue of damages because it found no liability, so no error alleged could have prejudiced her case. Accordingly, we AFFIRM the judgment of the district court.